IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DEAN BOHLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-748-R |
| | ) |
| (1) TEREX CORPORATION, a Delaware Corporation, | ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Dean Bohlman for his causes of action against Defendant Terex Corporation alleges as follows:

### The Parties

1. Plaintiff Dean Bohlman ("Bohlman") at all relevant times was living and working in the State of Oklahoma, within the bounds of the Western District of Oklahoma.

2. Defendant Terex Corporation ("Terex") is a Delaware corporation with its principal place of business in the Westport, Connecticut.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the ADA.

4. Venue is proper in the Western District of Oklahoma under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Oklahoma.

5. After timely filing a charge of discrimination on June 6, 2018, and receiving a notice-of-suit-rights letter on June 20, 2018, Bohlman has timely filed this suit within 90 days of the issuance of his notice-of-suit-rights letter. Thus, Bohlman has exhausted his administrative remedies.

<u>Facts Applicable to All Claims</u>

5. In early 2018, Terex hired Bohlman as a Supply Chain Manager at Terex's Oklahoma City facility.

6. Bohlman started his position at Terex's Oklahoma City facility on February 12, 2018.

7. For his short stint at Terex, Bohlman performed his job duties and responsibilities in a satisfactory manner.

8. Soon after starting his position, Bohlman began experiencing extreme fatigue because of his sleep apnea, a condition that substantially interfered with Bohlman's ability to sleep.

9. On or about March 1, 2018, Bohlman informed Mike Gregozeski ("Gregozeski"), Materials Manager and Bohlman's immediate supervisor, that he was suffering from fatigue due to sleep apnea and that he would be seeking treatment for this medical condition.

10. During the above conversation, Bohlman requested a reasonable accommodation to continue working at Terex until the insurance provided by Terex and negotiated as a part of his compensation package became effective and he could obtain

needed medical care and treatment to combat his fatigue that resulted from his sleep apnea.

11. Terex failed to engage in the interactive process—failing to consider Bohlman's reasonable request or to provide reasonable alternatives.

12. On March 9, 2018, Gregozeski and Jaime King, Human Resources Director, told Bohlman that his falling asleep at work—which resulted from Bohlman's sleep apnea—was unacceptable and that Bohlman's employment was terminated immediately.

### FIRST CAUSE OF ACTION—WRONGFUL TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

13. Bohlman incorporates all the above paragraphs by reference.

14. Bohlman is protected as disabled under the ADA because Bohlman has been diagnosed by a healthcare provider with a severe case of sleep apnea, which substantially interferes with his major life activity of sleep.

15. Although Bohlman is disabled under the ADA, he pleads in the alternative that, to the extent that he was not disabled under the ADA, Terex regarded him as disabled.

16. Bohlman, with reasonable accommodations, could perform the essential functions of his job as the Supply Chain Manager at Terex's Oklahoma City facility.

17. Terex fired Bohlman on the basis of Bohlman's disability.

18. As a direct and proximate result of Terex's wrongful conduct, Bohlman sustained substantial economic loss including past and future compensation, and other

economic benefits. Bohlman has further sustained loss of financial stability, peace of mind, and future security, and has suffered embarrassment, humiliation, mental anguish and emotional distress and discomfort, and loss enjoyment of life, all to his detriment and damage in an amount in excess of $75,000.00.

WHEREFORE, Bohlman demands judgment against Terex:

(1) That judgment be entered declaring that Terex unlawfully discriminated against Bohlman in violation of the ADA, as amended;

(2) That Terex be ordered to make Bohlman whole by providing back pay and any and all other remedies authorized by the ADA, as amended, including but not limited to salary and benefits, and accrued interest from the date of his termination until entry of judgment against Terex and for compensatory damages for Bohlman's mental anguish, pain and suffering, and other non-pecuniary losses, including punitive damages allowed by the ADA;

(3) That Bohlman be awarded costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

(4) That Bohlman be granted such legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION—FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. Bohlman incorporates all the above paragraphs by reference.

20. To cope with his sleep apnea, which substantially interfered with his ability to sleep and caused him severe fatigue, Bohlman required medical treatment.

21. As a reasonable accommodation for his disability, Bohlman requested that he be able to continue in his job until his insurance kicked in, allowing him to seek medical treatment to cope with his sleep apnea.

22. Rather than grant Bohlman's requested accommodation or engage in the interactive process by providing an alternate reasonable accommodation, Terex fired Bohlman—citing the symptoms of Bohlman's disability as the reason for termination.

23. As a direct and proximate result of Terex's wrongful conduct, Bohlman sustained substantial economic loss including past and future compensation, and other economic benefits. Bohlman has further sustained loss of financial stability, peace of mind, and future security, and has suffered embarrassment, humiliation, mental anguish and emotional distress and discomfort, and loss enjoyment of life, all to his detriment and damage in an amount in excess of $75,000.00.

WHEREFORE, Bohlman demands judgment against Terex:

(1) That judgment be entered declaring that Terex unlawfully discriminated against Bohlman in violation of the ADA, as amended;

(2) That Terex be ordered to make Bohlman whole by providing back pay and any and all other remedies authorized by the ADA, as amended, including but not limited to salary and benefits, and accrued interest from the date of his termination until entry of judgment against Terex and for compensatory damages for Bohlman's mental anguish, pain and suffering, and other non-pecuniary losses, including punitive damages allowed by the ADA;

(3) That Bohlman be awarded costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

(4) That Bohlman be granted such legal and equitable relief as the Court deems just and proper.

THIRD CAUSE OF ACTION—RETALIATION FOR ACTIVITY
PROTECTED UNDER THE AMERICANS WITH DISABILITIES ACT

24. Bohlman incorporates all the above paragraphs by reference.

25.     Bohlman engaged in protected activity by requesting a reasonable accommodation for his sleep apnea.

26.     Terex fired Bohlman on the basis of Bohlman's protected activity.

27.     As a direct and approximate result of Terex's wrongful conduct, Bohlman sustained substantial economic loss including past and future compensation, and other economic benefits.  Bohlman has further sustained loss of financial stability, peace of mind, and future security, and has suffered embarrassment, humiliation, mental anguish and emotional distress and discomfort, and loss enjoyment of life, all to his detriment and damage in an amount in excess of $75,000.00.

WHEREFORE, Bohlman demands judgment against Terex:

(1) That judgment be entered declaring that Terex unlawfully discriminated against Bohlman in violation of the ADA, as amended;

(2) That Terex be ordered to make Bohlman whole by providing back pay and any and all other remedies authorized by the ADA, as amended, including but not limited to salary and benefits, and accrued interest from the date of his termination until entry of judgment against Terex and for compensatory damages for Bohlman's mental anguish, pain and suffering, and other non-pecuniary losses, including punitive damages allowed by the ADA;

(3) That Bohlman be awarded costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

(4) That Bohlman be granted such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

s/Woodrow K. Glass
Woodrow K. Glass, OBA#15690
Barrett T. Bowers, OBA#30493
Jonathan M. Irwin, OBA#32636
WARD & GLASS, L.L.P.
1601 N. W. 36th Street, Suite 100
Norman, Oklahoma 73072
405-360-9700
405-360-7902 (fax)
woody@wardglasslaw.com
ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**